| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) 1:08-cv-1469  AWI SMS<br>)<br>) **ORDER ON DEFENDANT'S** |
| Plaintiff, | ) **RULE 12(b)(6) MOTION TO**<br>) **DISMISS**<br>) |
| v. | )<br>) |
| **TIMELESS INVESTMENTS, INC. dba EZ TRIP GOLDEN STATE CONVENIENCE AND AUTO/TRUCK PLAZA, and DOES 1-5, inclusive,** | )<br>)<br>)<br>)<br>) |
| Defendant. | )<br>)<br>) |

    This is a suit brought under 29 U.S.C. § 621 et seq., the Age Discrimination in Employment Act ("ADEA"), by the Equal Employment Opportunity Commission ("EEOC") against Defendant Timeless Investments ("Defendant"). The EEOC brings this suit on behalf of two charging parties, James Rex ("Rex") and Larry Carlberg ("Carlberg"), who unsuccessfully applied for employment with Defendant. Defendant now brings a Rule 12(b)(6) motion to dismiss. For the reasons that follow, the motion will be denied.

## BACKGROUND

From the complaint, it is alleged that:

Since at least July 2004, Defendants have engaged in unlawful employment practices in Fresno County . . . in violation of Section 4 of the ADEA, 29 U.S.C. § 623 by failing and/or refusing to hire [Rex and Carlberg] and similarly situated individuals because of their age (40 or over). Both [Rex and Carlberg] were in their sixties when they submitted employment applications for a cashier position to Defendant's Fresno facility and were denied employment because of their age after being asked to list their age on their employment applications.

The effect of the practices complained of herein has been to deprive [Rex and Carlberg] and similarly situated individuals of equal employment opportunities because of their age (40 and over).

Complaint at ¶¶ 11-12.

*Defendant's Argument*

Defendant argues that the only factual basis identified in the complaint is at paragraph 11. Specifically, the basis identified in paragraph 11 is that charging parties were asked to list their age on their employment applications. The allegation is conclusory and is the lone pled fact upon which the EEOC has based its complaint. The Ninth Circuit has specifically held that dismissal is appropriate when the only fact alleged is that an employment application required an applicant to list his age. See Centeno v. Transp. Leasing Co., 902 F.2d 1578 n.1 (9th Cir. 1990). Further, under 29 C.F.R. § 1625.5, a request to state one's birth date or age on an application "is not, in itself, a violation of the ADEA."

*Plaintiff's Response*

The EEOC argues that it has exceed the requirements of Rule 8 and has put Defendant on fair notice. The complaint identifies all of the parties, the parties' role giving rise to the ADEA cause of action, the relevant date of discriminatory conduct, the acts give rise to the ADEA claim, and the basis for relief, i.e. denial of employment on the basis of age (40 and over). Defendant's own motion affirms its awareness form the complaint as to the alleged violation. Further 29 C.F.R. § 1625.5 goes on to state that, because an application that requires an applicant to state his age may deter older applicants, such application forms should be *closely scrutinized* to assure the request is for a permissible purpose.

## LEGAL STANDARD

*Rule 8(a)*

Federal Rule of Civil Procedure 8(a) sets the pleading standard for claims for relief. "Under the liberal rules of pleading, a plaintiff need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Sagana v. Tenorio, 384 F.3d 731, 736 (9th Cir. 2004) (quoting Fed. R. Civ. P. 8(a)). This rule does "not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). The pleadings need only give the opposing party fair notice of a claim and the claim's basis. Conley, 355 U.S. at 47; Sagana, 384 F.3d at 736; Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001). 47). The pleadings are also to "be construed as to do substantial justice," and "no technical forms of pleading . . . are required." Fed. Rules Civ. Pro. 8(e)(1), 8(f); Sagana, 384 F.3d at 736; Fontana, 262 F.3d at 877. "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." Fontana, 262 F.3d at 877; American Timber & Trading Co. v. First Nat'l Bank, 690 F.2d 781, 786 (9th Cir. 1982).

*Rule 12(b)(6)*

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Newman v. Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir. 2002); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Thus, to "avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face." Weber v. Department of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting Twombly, 127 S. Ct. at 1974).

### DISCUSSION

"Under the ADEA, employers may not 'fail or refuse to hire . . . any individual [who is at least forty years old] or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." Enlow v. Salem-Keizer Yellow Cab Co., 389 F.3d 802, 811 (9th Cir. 2004) (quoting 29 U.S.C. § 623(a)(1)). Further, when pleading a violation of the ADEA, a complaint need not contain specific facts establishing a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); rather the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002).

Here, the EEOC has sufficiently alleged a violation of the ADEA. The complaint alleges that Rex and Carlberg were in their sixties when they filed an application for employment with Defendant, that Defendant did not hire Rex and Carlberg, and that Defendant did not hire Rex and Carlberg because of their age. See Complaint at ¶ 11. These allegations follow 29 U.S.C. § 623(a)(1). That Defendant asked for Rex and Carlberg's ages on the application is an additional allegation that is unnecessary to plead a violation of 29 U.S.C. § 623(a)(1).[1] The complaint puts Defendant on notice of the claim against it and the basis for that claim. Dismissal is not

---

[1] The Court notes that Centeno v. Transp. Leasing Co., 902 F.2d 1578 (9th Cir. 1990) is actually an unpublished case. The citation to the Federal Second reporter refers to a list of unpublished decisions. As an unpublished disposition that was issued prior to 2007, it does not have precedential value and may not be cited to any court within the Ninth Circuit. See Ninth Circuit Rule 36-3(c).

4

appropriate. See Fed. R. Civ. Pro. 8; 29 U.S.C. § 623(a)(1); Swierkiewicz, 534 U.S. at 508.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED and Defendant may file an answer within ten (10) days of service of this order.

IT IS SO ORDERED.

**Dated:    January 13, 2009**                          /s/ Anthony W. Ishii
                                                       CHIEF UNITED STATES DISTRICT JUDGE