Anna Y. Park, SBN 164242
Lorena Garcia-Bautista, SBN 234091
Amrita Mallik, SBN 249152
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1108
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov
        lorena.garcia@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

H. Ty Kharazi, SBN 187894
Yarra, Kharazi, & Associates
1250 Fulton Mall, Suite 202
Fresno, CA 93721
Telephone: (559) 441-1214
Facsimile: (559) 441-1215

Attorneys for Defendant
Timeless Investments, Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TIMELESS INVESTMENTS, INC. dba EZ TRIP GOLDEN STATE SHELL, DOES 1 -10, inclusive,<br><br>Defendant. | Case No.: 1:08-CV-01469 AWI (SMS)<br><br>**STIPULATION REGARDING DISCOVERY DISPUTES; ORDER**<br><br>Hon. Sandra M. Snyder<br>U.S. Magistrate Judge<br><br><u>Upcoming Pretrial Dates</u><br>Discovery Cut-Off: April 30, 2010<br>Pre-Trial Conference: August 27, 2010<br>Trial: October 5, 2010 |

**TO THE HONORABLE SANDRA M. SNYDER:**

Counsel for Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff") and Defendant Timeless Investments, Inc. dba EZ Trip Golden State Shell ("Defendant or "Timeless"), by and through their undersigned counsels, met and conferred with respect to the outstanding discovery disputes.

### A. Procedural Background

On September 29, 2008, Plaintiff filed the instant action alleging that Defendant discriminated against Charging Parties and similarly situated individuals based on their age (40 and over) by failing and/or refusing to hire them. in violation of Section 4 of the ADEA.  Defendant alleges it has no discriminatory policies against those over the age of 40 and has and continues to employ many persons over the age of 40.

Plaintiff has taken six depositions.  Defendant has taken one deposition.

### B. Stipulations Resolving Discovery Disputes

The parties have agreed to stipulate to the following with respect to the outstanding discovery disputes:

1. Defendant will provide Plaintiff information regarding the employees who are over the age of 40 Defendant disclosed to Plaintiff.  Such written information will include the employees' names, dates of birth, the hired dates, hired position, location of employees' place of employment, termination dates (if any), and the employment information sheet, if applicable.  Plaintiff is also requesting that Defendant provide the EEOC with the personnel files or any documentation that confirms that above-mentioned information for these individuals.  Defendant has agreed to provide that information to the extent they are available.  Such information must be disclosed to Plaintiff by March 31, 2010.

2. Plaintiff will determine whether it needs to take the depositions of any of these witnesses, after it receives the written information and/or documentation from Defendant.  Defendant agrees that Plaintiff has up to four depositions left and

1  may use those depositions for these witnesses.  It is Plaintiff's position that it may
2  need to take more than four depositions but Plaintiff would like to revisit this issue
3  after it receives the written information and/or documentation from Defendant.

4      3.      Defendant stipulates that it received the following exhibits prior to
5  September 29, 2008: Exhibit 171 (Charge of Discrimination filed by Larry E.
6  Carlberg, bate stamped EEOC00238), Exhibit 172 (Charge of Discrimination filed
7  by James M. Rex, bate stamped EEOC00010), Exhibit 173 (Notice of Charge of
8  Charge of Discrimination filed by James M. Rex, bate stamped EEOC00027),
9  Exhibit 174 (Notice of Charge of Discrimination filed by Larry E. Carlberg, bate
10 stamped EEOC00241), Exhibit 175 (Request for Information regarding James M.
11 Rex's Charge, bate stamped EEOC00011-EEOC00012), Exhibit 176 (Request for
12 Information regarding Larry E. Carlberg, bate stamped EEOC00259-EEOC00260),
13 Exhibit 177 (Letter of Determination regarding James M. Rex's Charge, bate
14 stamped EEOC00001-EEOC00002), Exhibit 178 (Letter of Determination
15 regarding Larry E. Carlberg's charge, bate stamped EEOC00232-EEOC00233),
16 Exhibit 179 (Conciliation letter regarding Larry Carlberg's Charge, bate stamped
17 EEOC00256), and Exhibit 180 (Conciliation letter regarding James M. Rex's
18 charge, bate stamped EEOC00257).

19      4.      Defendant stipulates that the following documents were created by or
20 on behalf of Defendant: Exhibit 168 (Defendant's December 3, 2004 letter, bate
21 stamped EEOC00005-EEOC00008),  Exhibit 169 (Defendant's advertisement in
22 Fresno Bee regarding Cashier/Stocking position, bate stamped EEOC00535),
23 Exhibit 181 (Defendant's Position Statement regarding James M. Rex' Charge,
24 bate stamped EEOC00013-EEOC00017), Exhibit 182 (Defendant's Position
25 Statement regarding Larry Carlberg's Charge, bate stamped EEOC00247-
26 EEOC00251), Exhibit 183 (List of Employees for E-Z Trip Golden State
27 Convenience Store - Present), Exhibit 184 (List of Employees for E-Z Trip Golden
28 State Convenience Store – Past), Exhibit 185(List of Employees for E-Z Trip

PDF created with pdfFactory trial version www.pdffactory.com

1  Golden State Truck Plaza- Present), Exhibit 186 (List of Employees for E-Z Trip
2  Golden State Truck Plaza- Past), Exhibit 187(List of Employees for E-Z Trip
3  Golden State Truck Repair- Present), Exhibit 188(List of Employees for E-Z Trip
4  Golden State Truck Repair- Past), Exhibit 189(List of Employees of Kleins
5  Restaurant- Present), and Exhibit 190(List of Employees of Kleins Restaurant-
6  Past).

7       5.    Plaintiff stipulates that it will not be calling as a witness (or by way of
8  declaration in an opposition to any dispositive motion) any EEOC employee, field
9  investigators, or attorney to testify as to the findings, recommendations, and/or
10 conclusions with respect to the charges of discrimination filed in this action.  As a
11 result, Defendant has agreed to vacate the depositions of Plaintiff's PMK and PMQ
12 under Rule 30(b).

13      6.    The parties have agreed to schedule the deposition of Defendant's
14 30(b)(6) witness for the period 2000 to 2005 or Armbartsum "Harry" Rafayelyan
15 to a date most convenient by the witness and counsel by April 30, 2010.

16      7.    The parties have agreed to reschedule the deposition of Defendant's
17 30(b)(6) witness for the period 2005 to the present or Arashk Jamaleddin to a date
18 most convenient by the witness and counsel by April 30, 2010.  This will not count
19 as a separate deposition against Plaintiff.

20      8.    The parties have agreed to reschedule the deposition of witness Adam
21 Nostrant to a date most convenient by the witness and counsel by April 30, 2010.

22      9.    Defendant has agreed to produce a declaration under penalty of
23 perjury confirming that Millenium Acquisitions, LLC is a landowner of Defendant
24 and that it has no employees by March 31, 2010.

25      10.    Defendant has agreed to produce a declaration under penalty of
26 perjury by March 31, 2010 confirming that Ambartsum Rafayelyan conducted the
27 hiring and/or interviewing of the applicants for the Klein's restaurant from 2002 to
28 2005 after Defendant purchased the establishment from its previous owners.

PDF created with pdfFactory trial version www.pdffactory.com

11.     Defendant has agreed to produce a declaration under penalty of perjury by March 31, 2010 confirming that Klein's restaurant was leased to a third party sometime in 2005 and it does not have information with respect to the employees of Klein's restaurant after 2005.

12.     Defendant has agreed to provide responses to Plaintiff's Third Set of Request for Admissions to Defendant, Numbers 213-222, on or before April 15, 2010.

13.     Defendant will produce on or before April 15, 2010 its employee list of its former and current employees for the period 2006 to 2009.

14.     Plaintiff will produce to Defendant on or before April 30, 2010, Mr. Carlberg's SSI application and any payroll records from Mr. Rex's former employer(s) for 2004 to 2008 to the extent they are available to Plaintiff.

SO STIPULATED.

The parties were unable to reach an agreement to the following:

15.     With respect to paragraph 5 (above), it is Plaintiff's position that this stipulation does not include any individual(s) designated by Plaintiff as an expert witness, in which such designation must be made by April 30, 2010, and Defendant will have the opportunity to depose such individual(s).  Defendant believes that EEOC's investigators are being withheld in order to increase the cost of Defendant under expert deposition.

16.     With respect to paragraph 6 (above), it is Plaintiff's position that such deposition will not count as a separate deposition since Defendant had to designate two individuals for the 30(b)(6) deposition.  However, it is Defendant's position that such deposition will count as a separate deposition.

//
//
//
//

PDF created with pdfFactory trial version www.pdffactory.com

The parties would like to revisit these two issues and will notify the court, if need to, in the future.

|  |  |
|---|---|
|  | Respectfully submitted,<br>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| Date: March 31, 2010 | By:     /s/ Lorena Garcia-Bautista<br>Anna Y. Park<br>Lorena Garcia-Bautista<br>Amrita Mallik<br>Attorneys for Plaintiff U.S. EEOC |
|  | YARRA, KHARAZI, & ASSOCIATES |
| Date: March 31, 2010 | By:     /s/ H. Ty Kharazi<br>H. Ty Kharazi<br>Attorney for Defendant<br>Timeless Investments, Inc., et al. |

Approved as to form and content.

IT IS SO ORDERED.

Dated:  April 5, 2010                     /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE

PDF created with pdfFactory trial version www.pdffactory.com